EXHIBIT    B

# IN THE UNITED STATES DISTRICT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| OLIVIER FAMILY INTERESTS, LTD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 08-3075-CV-S-DW |
| v. | ) | |
| | ) | |
| RUSSELL WRIGHT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## JURY INSTRUCTIONS - GIVEN

*[handwritten:] C*

*[handwritten:] 08-3075*

*[handwritten:] Olivier Family Interest*
*[handwritten:] & B S*
*[handwritten:] v.*
*[handwritten:] Wright, et al*

*[handwritten:] The Source Inst*

## INSTRUCTION NO. ___

Ladies and Gentlemen:  I will take a few moments now to give you some initial instructions about this case and about your duties as jurors.  At the end of the trial I will give you further instructions.  Unless I specifically tell you otherwise, all such instructions—both those I give you now and those I give you later—are equally binding on you and must be followed.

This is a civil case brought by the plaintiffs Olivier Family Interests, Ltd. and GBS International, LLC against the defendants Russell Wright, Joseph Wright, Don Wood and Michael Bogart.  The claims in this action stem from a business venture that Plaintiff Olivier Family Interests entered into with Russell Wright and Michael Bogart.  Plaintiffs have brought claims for breach of contract, misrepresentation, civil conspiracy, breach of fiduciary duty, and violation of the Racketeer Influenced and Corrupt Organization Act, often referred to as RICO.  It will be your duty to decide from the evidence whether the plaintiffs are entitled to verdicts against the defendants.

From the evidence you will decide what the facts are.  You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life.  You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdicts.  You are the sole judges of the facts; but you must follow my instructions, whether you agree with them or not.  You have taken an oath to do so.

In deciding what the facts are, you may have to decide what testimony you believe

and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent or inconsistent with other evidence that you believe.

Do not allow sympathy or prejudice to influence you. The law demands of you just verdicts, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdicts should be.

> Court's Instruction
>
> Source: 1.01 General: Nature of Case; Burden of Proof; Duty of Jury; Cautionary, Eighth Circuit Civil Jury Instructions (2012)

# INSTRUCTION NO. 2

I have mentioned the word "evidence." "Evidence" includes the testimony of

witnesses; documents and other things received as exhibits; facts that I tell you the parties

have agreed are true; and any other facts that I tell you to accept as true.

Certain things are not evidence. I will list those things for you now:

      1.      Statements, arguments, questions and comments by lawyers are not

evidence.

      2.      Documents or other things that might be in court or talked about, but

that I do not receive as exhibits.

      3.      Objections are not evidence. Lawyers have a right and sometimes an

obligation to object when they believe something is improper. You should not be

influenced by the objection. If I sustain an objection to a question or an exhibit,

that means the law does not allow you to consider that information. When that

happens, you have to ignore the question or the exhibit, and you must not try to

guess what the information might have been.

      4.      Testimony and exhibits that I strike from the record, or tell you to

disregard, are not evidence and must not be considered.

      5.      Anything you see or hear about this case outside the courtroom is not

evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited

purpose only. That is, it can be used by you only for one particular purpose, and not for

any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used. You should also pay particularly close attention to such an instruction, because it may not be available to you in writing later in the jury room.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

---

Court's Instruction

Source: 1.02 Evidence; Limitations, Eighth Circuit Civil Jury Instructions (2012)

---

## INSTRUCTION NO. 3

During the trial it may be necessary for me to speak with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence which govern the trial, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Court's Instruction

Source: 1.03 Bench Conferences and Recesses, Eighth Circuit Civil Jury Instructions (2012)

## INSTRUCTION NO. 4

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. The courtroom deputy will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them at your seat.

When you leave at night, your notes will be secured and not read by anyone.

Court's Instruction

Source: 1.04 No Transcript Available [Note-Taking], Eighth Circuit Civil Jury Instructions (2012)

## INSTRUCTION NO. ____5____

To insure fairness, you as jurors must obey the following rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors. If someone should try to talk to you about the case, please report it to the courtroom deputy.

*Third*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk to or visit with you.

*Fourth*, it may be necessary for you to tell your family, close friends and other people about your participation in this trial. You can explain when you are required to be in court and can warn them not to ask you about this case, tell you anything they know about this case, or discuss this case in your presence. You must not communicate with anyone or post information about anything else related to this case. Thus, for example, do not talk face-to-face or use any electronic device or media, such as a telephone, a cell or smart phone, a computer, the Internet, any blog, or Website such as Facebook, MySpace, or Twitter, or in any other way communicate to anyone any information about this case

until I accept your verdicts.  You must not tell anyone anything about the jury's deliberations in this case until I have accepted your verdicts or until I give you specific permission to do so.  If you discuss the case with someone other than the other jurors during deliberations, it may result in the verdicts being thrown out and the case having to be retried.

*Fifth,* do not do any research or make any investigation about this case on your own.  Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony.  Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge.  Do not read any news stories or articles or listen to any radio or television reports about the case, or about anyone involved with it.

The parties have a right to have the case decided only on evidence that has been introduced here in court.  If you do some research or investigation or experiment that we don't know about, then your verdicts may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination.  All of the parties are entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process.  Remember, you have taken an oath to abide by these rules and you must do so.

*Sixth*, do not make up your mind during the trial about what the verdicts should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

Court's Instruction

Source: 1.05 Conduct of the Jury, Eighth Circuit Civil Jury Instructions (2012)

## INSTRUCTION NO. 6

The trial will proceed in the following manner:

First, the plaintiffs' attorney may make an opening statement. Next, the defendants' attorneys may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The plaintiff will then present evidence and counsel for the defendants may cross-examine. Following the plaintiffs' case, the defendants may present evidence and Plaintiffs' counsel may cross-examine.

After the presentation of evidence is completed, the court will instruct you further on the law. The attorneys will then make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. After that you will retire to deliberate on your verdicts.

Court's Instruction
Source: 1.06 Outline of Trial, Eighth Circuit Civil Jury Instructions (2012)

# INSTRUCTION NO. 7

Testimony will now be presented to you in the form of a deposition. A deposition is the recorded answers a witness made under oath to questions asked by lawyers before trial. The deposition testimony to be offered was recorded in writing and now will be read to you. You should consider the deposition testimony, and judge its credibility, as you would that of any witness who testifies here in person. You should not place any significance on the manner or tone of voice used to read the witness's answers to you.

Court's Instruction

Source: 2.12 Deposition Evidence at Trial, Eighth Circuit Civil Jury Instructions (2012)

# INSTRUCTION NO. \_\_\_\_8\_\_\_\_

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because <u>all</u> are important. This is true even though some of those I gave you at the beginning of and during trial are not repeated here.

The instructions I am about to give you now as well as those I gave you earlier are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, <u>all</u> instructions, whenever given and whether in writing or not, must be followed.

Court's Instruction

Source: 3.01 Explanatory, Eighth Circuit Civil Jury Instructions (2012)

**INSTRUCTION NO.** _9_

I have not intended to suggest what I think your verdicts should be by any of my rulings or comments during the trial.

Court's Instruction

Source: 3.02 Judge's Opinion, Eighth Circuit Civil Jury Instructions (2012)

# INSTRUCTION NO. _10_

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

Court's Instruction

Source: 3.03 Credibility of Witnesses, Eighth Circuit Civil Jury Instructions (2012)

# INSTRUCTION NO. _11_

In considering these instructions, you should know that the Court has found as a matter of law that Russell Wright individually did not own the Licensed Technology described in the License Agreement as of the date of the License Agreement.

```
Court's Instruction
Source: Court's January 24, 2012 Order (Doc. 418)
```

INSTRUCTION NO. _12_

In these instructions, you are told that your verdict depends on whether or not you believe certain propositions of fact submitted to you.

The burden is upon the plaintiffs to cause you to believe that the evidence has clearly and convincingly established the propositions of fact required for the finding of a civil conspiracy as submitted in Instruction Number _17_ and recovery of punitive damages as submitted in Instruction Numbers _35+36_. "Clear and convincing" evidence is evidence which clearly convinces the fact finder of the truth of the proposition to be proved.

However, on all other propositions of fact, the burden is upon the party who relies upon any proposition to cause you to believe that such proposition is more likely to be true than not true. In determining whether or not you believe any proposition, you must consider only the evidence and the reasonable inferences derived from the evidence. If the evidence in the case does not cause you to believe a particular proposition submitted, then you cannot return a verdict requiring belief of that proposition.

Plaintiffs & Select Defendants' Instruction No. 1 (modified by the Court)

Source: MAI 3.01 Burden of Proof - General [1998 Revision] (modified to include "clear and convincing" standard); Chmieleski v. City Prods. Corp., 660 S.W.2d 275, 289-90 (Mo. Ct. App. 1983).

INSTRUCTION NO. _____*13*_____

BREACH OF CONTRACT - OPERATING AGREEMENT - RUSSELL WRIGHT

Your verdict must be for Olivier Family Interests (hereinafter "OFI") against

Russell Wright on its claim for breach of the Operating Agreement, if you believe:

*First*, Russell Wright:

    1)    engaged in transactions involving commitments of GBS

            International, LLC (hereinafter "GBS") and/or payments by GBS in

            excess of $500,000 without the approval of at least two members of

            GBS; or

    2)    was compensated for his services as CEO without the members'

            authority, or

    3)    failed to perform his managerial duties in good faith, in a manner he

            reasonably believes to be in the best interests of GBS and its

            members, and with such care, including reasonable inquiry, as an

            ordinarily prudent person in a like position would use under similar

            circumstances,

    and

*Second*, because of such actions or failure, Russell Wright's contract obligations

were not performed, and

*Third*, OFI was thereby damaged.

Record your verdict regarding this breach of contract claim on Verdict Form *A* .

Plaintiffs & Select Defendants' Instruction No. 12, 13 (modified by the Court)

Source: MAI 26.02 Verdict Directing - Breach of Bilateral Contract - Breach Sole Issue [1980 Revision]

INSTRUCTION NO. ___14___

BREACH OF CONTRACT - CONTRIBUTION AGREEMENT - RUSSELL WRIGHT

Your verdict must be for OFI against Russell Wright on its claim for breach of the Contribution Agreement if you believe:

*First*, Russell Wright did not contribute his goodwill, industry knowledge, manufacturing experience and firm international projects with gross values to GBS to exceed three (3) times OFI's initial cash contribution within eighteen (18) months of the execution of the Contribution Agreement, and

*Second*, because of such failure, Russell Wright did not perform his contract obligations, and

*Third*, OFI was thereby damaged.

Solely for the purposes of the Contribution Agreement, the parties stipulate that Russell Wright is one and the same as KMA Trust.

Record your verdict regarding this breach of contract claim on Verdict Form _B_ .

---

Plaintiffs & Select Defendants' Instruction No. 15 (modified by the Court)

Source: MAI 26.02 Verdict Directing - Breach of Bilateral Contract - Breach Sole Issue [1980 Revision]

---

## INSTRUCTION NO. _15_

BREACH OF CONTRACT - CONTRIBUTION AGREEMENT - MICHAEL BOGART

Your verdict must be for OFI against Michael Bogart on its claim for breach of the Contribution Agreement if you believe:

*First*, Michael Bogart did not contribute the majority of his time developing international projects with the contribution of identified buyers for projects with gross values to GBS to exceed three (3) times OFI's initial cash contribution within eighteen (18) months of the execution of the Contribution Agreement, and

*Second*, because of such failure, Michael Bogart did not perform his contract obligations, and

*Third*, OFI was thereby damaged.

Solely for the purposes of the Contribution Agreement, the parties stipulate that Michael Bogart is one and the same as JJA Trust.

Record your verdict regarding this breach of contract claim on Verdict Form _C_ .

---

Plaintiffs & Select Defendants' Instruction No. 17 (modified by the Court)

Source: MAI 26.02 Verdict Directing - Breach of Bilateral Contract - Breach Sole Issue [1980 Revision]

---

# INSTRUCTION NO. _16_

## FRAUDULENT MISREPRESENTATION - LICENSED TECHNOLOGY

Your verdict must be for OFI on its claim for fraudulent misrepresentation if you believe:

*First,* Russell Wright and/or Joseph Wright and/or Don Wood and/or Michael Bogart represented to OFI that Russell Wright owned the Licensed Technology which was the subject of the License Agreement, and

*Second*, such representation(s) was/were made by Russell Wright and/or Joseph Wright and/or Don Wood and/or Michael Bogart with the intent that OFI rely on such representation(s), and

*Third*, Russell Wright and/or Joseph Wright and/or Don Wood and/or Michael Bogart knew that this representation was/these representations were false, or made the representation(s) without knowing whether it was/they were true or false, and

*Fourth*, the representation(s) was/were material to OFI entering into the License Agreement, and

*Fifth*, OFI relied on the representation(s) in entering into the License Agreement, and such reliance was reasonable under the circumstances, and

*Sixth*, as a direct result of such representation(s) OFI was damaged.

In order to find for OFI and against a defendant under this fraudulent misrepresentation claim, you must find that each of the six elements was satisfied for that particular defendant. Record your verdict regarding each defendant on this fraudulent

misrepresentation claim on Verdict Form _D_ .

   If you find for OFI on its claim for fraudulent misrepresentation against a particular defendant, do not address Instruction Number _17_ for that defendant, proceed directly to Instruction Number _18_ for that defendant and do not complete Verdict Form _E_ for that defendant. However, if you do not find for OFI on its claim for fraudulent misrepresentation against a particular defendant, proceed to the following instruction and determine OFI's claim for negligent misrepresentation regarding the Licensed Technology for that particular defendant.

Plaintiffs & Select Defendants' Instruction No. 4, 6, 8, 10 (modified by the Court).

Source: MAI 23.05 Verdict Directing - Fraudulent Misrepresentations [2007 Revision] (modified by the Court).

## INSTRUCTION NO. _17_

### NEGLIGENT MISREPRESENTATION - LICENSED TECHNOLOGY

Your verdict must be for OFI on its claim for negligent misrepresentation regarding the Licensed Technology if you believe:

*First*, Russell Wright and/or Joseph Wright and/or Don Wood and/or Michael Bogart in the course of the negotiations of the License Agreement represented to OFI that Russell Wright owned the Licensed Technology which was the subject of the License Agreement, and

*Second*, such representation(s) was/were made by Russell Wright and/or Joseph Wright and/or Don Wood and/or Michael Bogart with the intent that OFI rely on such representation(s) in entering into the License Agreement, and

*Third*, such representation(s) was/were material to OFI entering into the License Agreement, and

*Fourth*, Russell Wright and/or Joseph Wright and/or Don Wood and/or Michael Bogart failed to use ordinary care in making such representation(s), and

*Fifth*, OFI relied on such representation(s) in entering into the License Agreement and such reliance was reasonable under the circumstances, and

*Sixth*, as a direct result of such representation(s), OFI sustained damage.

The phrase "ordinary care" as used in this Instruction, means the degree of care that an ordinarily careful person would use under the same or similar circumstances.

In order to find for OFI and against a defendant under this negligent

misrepresentation claim, you must find that each of the six elements was satisfied for that

particular defendant.  Record your verdict regarding each defendant on this negligent

misrepresentation claim on Verdict Form ___E___.

Plaintiffs & Select Defendants' Instruction No. 19, 21, 23, 25 (modified by the Court).

Source: MAI 31.26 Verdict Directing - Negligent Misrepresentations [2007 Revision] (modified
by the Court) and MAI 11.05 Definition - Ordinary Care [1996 Revision]

# INSTRUCTION NO. _18_

## NEGLIGENT MISREPRESENTATION - OPERATIONS

Your verdict must be for OFI on its claim for negligent misrepresentation regarding operations if you believe:

*First*, Russell Wright and/or Joseph Wright and/or Don Wood and/or Michael Bogart, in the course of the operations of GBS, represented that certain facilities, employees, or business operations were that of GBS, and

*Second*, such representation(s) was/were made by Russell Wright and/or Joseph Wright and/or Don Wood and/or Michael Bogart with the intent that OFI would rely on the representation(s) and continue to make capital contributions into GBS, and

*Third*, such representation(s) was/were material to OFI to continue to make capital contributions into GBS, and

*Fourth*, such representation(s) was/were false, and

*Fifth*, Russell Wright and/or Joseph Wright and/or Don Wood and/or Michael Bogart failed to use ordinary care in making such representation(s), and

*Sixth*, OFI relied on such representation(s) by continuing to make capital contributions into GBS and such reliance was reasonable under the circumstances, and

*Seventh*, as a direct result of such representation(s), OFI sustained damage.

The phrase "ordinary care" as used in this Instruction, means the degree of care that an ordinarily careful person would use under the same or similar circumstances.

In order to find for OFI and against a defendant under this negligent

misrepresentation claim, you must find that each of the seven elements was satisfied for

that particular defendant.  Record your verdict regarding each defendant on this negligent

misrepresentation claim on Verdict Form _F_.

Plaintiffs & Select Defendants' Instruction No. 27, 29, 31, 33

Source: MAI 31.26 Verdict Directing - Negligent Misrepresentations [2007 Revision] (modified by the Court) and MAI 11.05 Definition - Ordinary Care [1996 Revision]

# INSTRUCTION NO. _19_

## CIVIL CONSPIRACY

A civil conspiracy is an agreement or understanding between persons to do an unlawful act or to use unlawful means to do a lawful act. Your verdict must be for OFI on its claim for civil conspiracy if you believe by clear and convincing evidence:

*First*, Russell Wright and/or Joseph Wright and/or Don Wood and/or Michael Bogart agreed with at least one of the other defendants to make statements regarding GBS that were false, and

*Second*, said agreement was made with the intent to induce OFI to contribute funds to GBS, and

*Third*, a party to said agreement committed an act in furtherance of the agreement, and

*Fourth*, as a direct result of carrying out said agreement, OFI was damaged.

In order to find for OFI and against a defendant under this conspiracy claim, you must find that each of the four elements was satisfied for that particular defendant. Record your verdict regarding each defendant on this conspiracy claim on Verdict Form



---

Plaintiffs & Select Defendants' Instruction No. 35, 37, 39, 41 (modified by the Court)

Source: <u>Oak Bluff Partners, Inc. v. Meyer</u>, 3 S.W.3d 777, 780-81 (Mo. 1999); <u>Missouri Mirror, Inc. v. Glaziers, Architectural Metal & Glassworkers Local No. 513</u>, 806 S.W.2d 469, 473-75 (Mo. Ct. App. 1991); <u>Haynes v. Hawkeye Security Insurance Co.</u>, 579 S.W.2d 693, 705 (Mo. Ct. App. 1979).

---

INSTRUCTION NO. _20_

BREACH OF FIDUCIARY DUTY – RUSSELL WRIGHT

Your verdict must be for OFI on its claim for breach of fiduciary duty against Russell Wright if you believe:

*First*, Russell Wright distributed the funds OFI contributed to GBS to others for purposes unrelated to the operation of GBS, and

*Second*, in doing so, Russell Wright breached his fiduciary duty, and

*Third*, as a direct result of Russell Wright's breach of fiduciary duty, OFI was damaged.

The term "fiduciary duty" as used in these instructions means the duty to act with good faith in the exercise of powers conferred to him, in a manner he reasonably believes to be in the best interest of the company and its members, and with such care, including reasonable inquiry, as an ordinarily prudent person in like position would use under similar circumstances.

A fiduciary is presumed to have discharged duties with due care and good faith and in the honest belief that he was acting in the best interests of the company and its members, absent a showing that he put his personal interests ahead of the interest of the company.

Record your verdict regarding OFI's claim for breach of fiduciary duty against Russell Wright on Verdict Form _H_ .

Plaintiffs & Select Defendants' Instruction No. 48 (modified by the Court)

Source: Sutherland v. Sutherland, 348 S.W.3d 84, 89-91 (Mo. Ct. App. 2011); The Operating Agreement of GBS.

# INSTRUCTION NO. _2 1_

## BREACH OF FIDUCIARY DUTY – MICHAEL BOGART

Your verdict must be for OFI on its claim for breach of fiduciary duty against Michael Bogart if you believe:

*First*, Michael Bogart did not join with OFI in OFI's request to remove Russell Wright as CEO of GBS, and

*Second*, in failing to join with OFI, Michael Bogart breached his fiduciary duty, and

*Third*, as a direct result of Michael Bogart's breach of fiduciary duty, OFI was damaged.

The term "fiduciary duty" as used in these instructions means the duty to act with good faith in the exercise of powers conferred to him, in a manner he reasonably believes to be in the best interest of the company and its members, and with such care, including reasonable inquiry, as an ordinarily prudent person in like position would use under similar circumstances.

A fiduciary is presumed to have discharged duties with due care and good faith and in the honest belief that he was acting in the best interests of the company and its members, absent a showing that he put his personal interests ahead of the interest of the company.

Record your verdict regarding OFI's claim for breach of fiduciary duty against Michael Bogart on Verdict Form _I_ .

Plaintiffs & Select Defendants' Instruction No. 48 (modified by the Court)

Source: Sutherland v. Sutherland, 348 S.W.3d 84, 89-91 (Mo. Ct. App. 2011).

## INSTRUCTION NO. _22_

### CIVIL RICO

OFI has alleged in its complaint that Russell Wright, Joseph Wright, Don Wood and Michael Bogart violated a federal statute, Section 1962(c) of Title 18 of the United States Code, which is commonly referred to as the Racketeer Influenced and Corrupt Organization Act or RICO.

Section 1962(c) makes it illegal for any person employed or associated with any enterprise engaged in interstate or foreign commerce to conduct or participate, directly or indirectly, in the conduct of that enterprise's affairs through a "pattern of racketeering activity."

OFI must establish by a preponderance of the evidence every element of a RICO claim. You should consider each and every element of a RICO claim only in the precise way that the elements are defined in these instructions.

---

Plaintiffs & Select Defendants' Instruction No. 51 (modified by the Court)

Source: <u>Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc.,</u> Case No. 04-0074-CV-W-DW (W.D. Mo. 2005); O'Malley, Grenig & Lee, 3B Fed. Jury Prac. & Instr. § 161.01.

---

## INSTRUCTION NO. $\underline{23}$

### CIVIL RICO

Your verdict must be for OFI on its civil RICO claim if you believe:

*First*, that an enterprise existed; and

*Second*, that the enterprise affected interstate or foreign commerce; and

*Third*, that Russell Wright and/or Joseph Wright and/or Don Wood and/or Michael Bogart was associated with or employed by the enterprise; and

*Fourth*, that Russell Wright and/or Joseph Wright and/or Don Wood and/or Michael Bogart knowingly engaged in a pattern of racketeering activity; and

*Fifth*, that Russell Wright and/or Joseph Wright and/or Don Wood and/or Michael Bogart conducted or participated in the conduct of the enterprise through that pattern of racketeering activity; and

*Sixth*, that OFI reasonably relied to its detriment on the predicate acts of Russell Wright and/or Joseph Wright and/or Don Wood and/or Michael Bogart which constituted the racketeering activity; and

*Seventh*, that OFI was injured in its business or property by reason of the racketeering activity.

In order to find for OFI and against a defendant under this RICO claim, you must find that each of the seven elements was satisfied for that particular defendant. Record your verdict regarding each defendant on this RICO claim on Verdict Form $\underline{J}$.

Plaintiffs & Select Defendants' Instruction No. 51 (modified by the Court)

Source: <u>Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc.</u>, Case No. 04-0074-CV-W-DW (W.D. Mo. 2005).

## INSTRUCTION NO. _24_

### CIVIL RICO

The first element that OFI must prove is that an "enterprise" existed as alleged in the complaint.

For the purposes of this case, an enterprise includes any individual, partnership, corporation, association or other legal entity.  An enterprise may also be any group of individuals associated in fact although not a legal entity.

Plaintiffs & Select Defendants' Instruction No. 51 (modified by the Court)

Source: O'Malley, Grenig & Lee, 3B Fed. Jury Prac. & Instr. § 161.41; 18 U.S.C. § 1961(4).

## INSTRUCTION NO. _25_

### CIVIL RICO

In considering the second element you should know that interstate commerce includes the movement of goods, services, money and individuals between states.

An enterprise "affects interstate or foreign commerce" if the enterprise either engages in or pursues activities affecting or having the potential effect on commerce between the states or between the states and foreign countries.

Court's Instruction

Source: O'Malley, Grenig & Lee, 3B Fed. Jury Prac. & Instr. § 161.42.

# INSTRUCTION NO. _26_

## CIVIL RICO

The third element that OFI must prove is that Russell Wright and/or Joseph Wright and/or Don Wood and/or Michael Bogart were associated with, or employed by, the enterprise.

"Associated with or employed by" means that a defendant must have at least a minimal association with the enterprise. A defendant must know something about the enterprise's activities as they relate to the racketeering activity, but it is not necessary that a defendant be aware of all racketeering activities of each of the participants in the enterprise.

Court's Instruction

Source: O'Malley, Grenig & Lee, 3B Fed. Jury Prac. & Instr. § 161.43.

INSTRUCTION NO. _27_

CIVIL RICO

The fourth element that OFI must prove is that Russell Wright and/or Joseph Wright and/or Don Wood and/or Michael Bogart engaged in a pattern of racketeering activity.

OFI has alleged that Russell Wright, Joseph Wright, Don Wood and Michael Bogart committed or participated in the commission of the following racketeering acts, also referred to as 'predicate acts':

> Engaging in a scheme to defraud that resulted in the use of so-called interstate "wires" – primarily the telephone, facsimile transmissions, and e-mail – in violation of 18 U.S.C. § 1343.

"A pattern of racketeering activity" means at least two acts of racketeering activity occurring within ten years of this date. While the two acts of racketeering activity need not be of the same kind, you must find by a preponderance of the evidence that the two acts of racketeering activity occurred within the time specified.

The term "pattern of racketeering activity" requires that you find the predicate acts were related to each other. Predicate acts are related if they have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events.

Court's Instruction

Source: O'Malley, Grenig & Lee, 3B Fed. Jury Prac. & Instr. § 161.47.

# INSTRUCTION NO. 28

## CIVIL RICO

To determine whether OFI has established by a preponderance of the evidence that these predicate acts were committed, you must understand the elements of the statute that OFI alleges Russell Wright, Joseph Wright, Don Wood and Michael Bogart violated.

The wire fraud statute has four essential elements:

*One*, Russell Wright and/or Joseph Wright and/or Don Wood and/or Michael Bogart voluntarily and intentionally participated in a scheme to obtain money or property by means of material false or fraudulent representations; and

*Two*, Russell Wright and/or Joseph Wright and/or Don Wood and/or Michael Bogart did so with the intent to defraud; and

*Three*, Russell Wright and/or Joseph Wright and/or Don Wood and/or Michael Bogart used or caused to be used, interstate wire facilities, in furtherance of, or in an attempt to carry out, some essential step in the scheme; and

*Four*, OFI suffered a direct injury resulting from the scheme.

"Interstate wire facilities" include interstate telephone calls, facsimile transmissions and e-mails.

Plaintiffs & Select Defendants' Instruction No. 52 (modified by the Court)

Source: 6.18.1341 Mail Fraud (18 U.S.C. § 1341) Eighth Circuit Criminal Jury Instructions (2011) (modified); Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc., Case No. 04-0074-CV-W-DW (W.D. Mo. 2005).

# INSTRUCTION NO. _29_

## CIVIL RICO

When evaluating whether OFI has shown by a preponderance of the evidence that Russell Wright and/or Joseph Wright and/or Don Wood and/or Michael Bogart has engaged in wire fraud you should keep in mind the following:

The phrase "scheme to defraud" includes any plan or course of action intended to deceive or cheat another out of money or property by employing falsehoods, concealing material facts or omitting material facts. It also means the obtaining of money or property by means of material false representations or promises.

A statement or representation is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of a reasonable person in deciding whether to engage or not to engage in a particular transaction.

To act with "intent to defraud" means to act knowingly and with the intent to deceive someone for the purpose of causing some loss of property or bringing about some financial gain to oneself or another to the detriment of a third party.

A statement or representation is "false" when it is untrue when made or when it effectively conceals or omits a material fact.

It is not necessary that the use of the wires by the participant himself be contemplated or that the participant actually uses the wires or that the participant specifically intend that the wires be used. It is sufficient if the wires were in fact used to carry out the scheme and the use of the wires by someone was reasonably foreseeable.

Each use of interstate wires in furtherance of the scheme to defraud constitutes a separate predicate act.

Court's Instruction
Source: 6.18.1341 Mail Fraud (18 U.S.C. § 1341) Eighth Circuit Criminal Jury Instructions (2011) (modified); Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc., Case No. 04-0074-CV-W-DW (W.D. Mo. 2005).

INSTRUCTION NO. _30_

CIVIL RICO

The fifth element that OFI must prove is that Russell Wright and/or Joseph Wright and/or Don Wood and/or Michael Bogart conducted or participated in the conduct of the enterprise through that pattern of racketeering activity. To conduct or participate in the conduct of the enterprise means that the defendant must have played some part in the operation or management of the enterprise.

In addition to proving that the defendant played some part in the operation or management of the enterprise, OFI must also prove that there is some meaningful connection between the defendant's illegal acts and the affairs of the enterprise. To satisfy this part of the element, OFI must establish either (1) that the defendant's positions in the enterprise facilitated the commission of those illegal acts and that the racketeering acts had some impact or effect on the enterprise, (2) that the acts were in some way related to the affairs of the enterprise, or (3) that the defendant was able to commit the acts by virtue of his position, or involvement in, the affairs of the enterprise.

A person does not violate the law by merely associating with or being employed by an otherwise lawful enterprise, the affairs of which are being conducted by others through a pattern of racketeering activity in which he is not personally engaged.

Court's Instruction
Source: Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc., Case No. 04-0074-CV-W-DW (W.D. Mo. 2005).

**INSTRUCTION NO.** _3 1_

### CIVIL RICO

The sixth element that OFI must prove is reasonable reliance. OFI must establish that it reasonably relied, to its detriment, on the alleged predicate acts and that it was damaged by that reliance. To establish reasonable reliance, OFI must prove that it used that degree of care that would have been reasonable in OFI's situation.

Court's Instruction
Source: <u>Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc.</u>, Case No. 04-0074-CV-W-DW (W.D. Mo. 2005).

# INSTRUCTION NO. _32_

## CIVIL RICO

The seventh element OFI must prove is causation.  For OFI to prevail under RICO, it must prove by a preponderance of the evidence that the defendant's RICO violations were the "proximate cause" of injury to OFI.  An injury or damage is proximately caused when the act played a substantial part in bringing about or actually causing injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act.

Court's Instruction

Source: O'Malley, Grenig & Lee, 3B Fed. Jury Prac. & Instr. § 161.61.

# INSTRUCTION NO. _33_

## CIVIL RICO

You reach the issue of damages on the RICO claim only if you find that OFI has established the elements of the claim under the standards I have described.

The fact that I charge you on the issue of damages does not mean that OFI is entitled to prevail – that is for you to decide.  I instruct you on this subject only in the event that you decide that OFI has sustained the burden of proof as to the elements of the claim under the standards I have described.

If you find that OFI has established the elements of the claim by a preponderance of the evidence, you should then consider the evidence presented concerning damages to OFI's business or property which are alleged to be caused by Russell Wright, Joseph Wright, Don Wood and Michael Bogart's violation of the statute.

The damages alleged by OFI are the amount of money it lost – through its payment for the License Agreement and contributions to GBS – caused by the actions of Russell Wright, Joseph Wright, Don Wood and Michael Bogart.

Plaintiffs & Select Defendants' Instruction No. 54 (modified by the Court)

Source: O'Malley, Grenig & Lee, 3B Fed. Jury Prac. & Instr. § 161.90.

INSTRUCTION NO. _*34*_

## DAMAGES - STATE LAW CLAIMS

If you find in favor of OFI on its claim for breach of contract and/or fraudulent misrepresentation and/or negligent misrepresentation and/or civil conspiracy and/or breach of fiduciary duty, then you must award OFI such sum as you believe will fairly and justly compensate OFI for any damages you believe that OFI sustained as a direct result of the occurrences mentioned in the evidence.

If you find in favor of OFI on any of its claims, then you must determine the issue of damages. If you determine damages, do not account for duplication. What this means is, if you find in favor of OFI on more than one claim, determine independently for each claim what damages would be appropriate and if necessary, the Court will modify the total damages award to eliminate any duplicative amounts.

Court's Instruction

Source: MAI 4.01 Damages - Personal and Property [2002 Revision] (modified); Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc., 528 F.3d 1001, 1022-23 (8th Cir. 2008); EFCO Corp. v. Symons Corp., 219 F.3d 734, 742 (8th Cir. 2000).

## INSTRUCTION NO. _35_

### PUNITIVE DAMAGES - FRAUDULENT MISREPRESENTATION, CIVIL CONSPIRACY, BREACH OF FIDUCIARY DUTY

If you find the issues in favor of OFI on its claim for fraudulent misrepresentation and/or civil conspiracy and/or breach of fiduciary duty, and if you believe the conduct of Russell Wright and/or Joseph Wright and/or Don Wood and/or Michael Bogart as submitted in Instruction Numbers _16, 19, 20, 21_ was outrageous because of a defendant's evil motive or reckless indifference to the rights of others, then in addition to any damages to which you find OFI entitled under Instruction Number _34_, you may award OFI an additional amount as punitive damages in such sum as you believe will serve to punish the defendant and to deter the defendant and others from like conduct. Record your decision regarding punitive damages as provided in Verdict Forms _D_, _E_, _H_ and _I_.

If punitive damages are assessed against more than one defendant, the amounts assessed against such defendants may be the same or may be different. If you find punitive damages are warranted, <u>do</u> account for duplication. What this means is, if you award punitive damages against a particular defendant for two separate claims, the Court will not modify the total punitive damages award to eliminate any duplicative amounts.

---

Court's Instruction

Source: MAI 10.01 Damages - Exemplary - Outrageous Conduct - Intentional Torts [2008 Revision]; MAI 10.03 Damages - Exemplary - Multiple Defendants [1983 Revision]

---

INSTRUCTION NO. _36_

PUNITIVE DAMAGES - NEGLIGENT MISREPRESENTATION

If you find the issues in favor of OFI on its claim for negligent misrepresentation, and if you believe the conduct of Russell Wright and/or Joseph Wright and/or Don Wood and/or Michael Bogart as submitted in Instruction Numbers _17, 18_ showed complete indifference to or conscious disregard for the rights of others, then in addition to any damages to which you find OFI entitled under Instruction Number _34_, you may award OFI an additional amount as punitive damages in such sum as you believe will serve to punish the defendant and to deter the defendant and others from like conduct. Record your decision regarding punitive damages as provided in Verdict Forms _E_ and _F_.

If punitive damages are assessed against more than one defendant, the amounts assessed against such defendants may be the same or may be different. If you find punitive damages are warranted, do account for duplication. What this means is, if you award punitive damages against a particular defendant for two separate claims, the Court will not modify the total punitive damages award to eliminate any duplicative amounts.

Court's Instruction

Source: MAI 10.02 Damages - Exemplary - Negligence Constituting Conscious Disregard for Others [2008 Revision]; MAI 10.03 Damages - Exemplary - Multiple Defendants [1983 Revision]

# INSTRUCTION NO. _37_

In conducting your deliberations and returning your verdicts, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through courtroom deputy signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone – including me – how your votes stand numerically.

*Fourth*, your verdicts must be based solely on the evidence and on the law which I have given to you in my instructions. The verdicts must be unanimous. Nothing I have said or done is intended to suggest what your verdicts should be - that is entirely for you to decide.

*Finally*, the verdict forms are simply the written notices of the decisions that you reach in this case. You will take these forms to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the forms, sign and date them, and advise the courtroom deputy that you are ready to return to the courtroom.

Court's Instruction

Source: 3.06 Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary; Unanimous Verdict; Verdict Forms
Eighth Circuit Civil Jury Instructions (2012)

**VERDICT FORM** A

VERDICT AS TO BREACH OF CONTRACT - OPERATING AGREEMENT - RUSSELL
WRIGHT

Note: Complete this form by writing in the name required by your verdict.

On the claim of OFI for breach of the Operating Agreement against Russell Wright, we the
jury find in favor of:

_____

(Plaintiff OFI) or (Defendant Russell Wright)

Note: Complete the following paragraph only if your finding is in favor of Plaintiff OFI.

We the jury assess the damages of Plaintiff OFI at $ _____

(Stating the amount)

_____          _____

Foreperson                                                          Date

```
Court's Instruction
MAI 36.01 Form of Verdict – Plaintiff
vs. Defendant [1980 Revision]
```

VERDICT FORM _B_

VERDICT AS TO BREACH OF CONTRACT - CONTRIBUTION AGREEMENT - RUSSELL
WRIGHT

On the claim of OFI for breach of the Contribution Agreement against Russell Wright, we

the jury find in favor of:

_____

(Plaintiff OFI) or (Defendant Russell Wright)

Note: Complete the following paragraph only if your finding is in favor of Plaintiff OFI.

We the jury assess the damages of Plaintiff OFI at $ _____

(Stating the amount)

_____          _____
Foreperson                                                            Date

```
Court's Instruction
MAI 36.01 Form of Verdict – Plaintiff
vs. Defendant [1980 Revision]
```

**VERDICT FORM** $\subset$

VERDICT AS TO BREACH OF CONTRACT - CONTRIBUTION AGREEMENT - MICHAEL BOGART

On the claim of OFI for breach of the Contribution Agreement against Michael Bogart, we the jury find in favor of:

_____

(Plaintiff OFI) or (Defendant Michael Bogart)

Note: Complete the following paragraph only if your finding is in favor of Plaintiff OFI.

We the jury assess the damages of Plaintiff OFI at $ _____

(Stating the amount)

_____          _____
Foreperson                                                        Date

┌─────────────────────────────────────────────────────────────┐
Court's Instruction
MAI 36.01 Form of Verdict – Plaintiff vs. Defendant [1980 Revision]
└─────────────────────────────────────────────────────────────┘

# VERDICT FORM $\mathcal{D}$

## VERDICT AS TO FRAUDULENT MISREPRESENTATION - LICENSED TECHNOLOGY

On the claim of OFI for fraudulent misrepresentation, we the jury find in favor of:

_____

(Plaintiff OFI) or (Defendant Russell Wright)

_____

(Plaintiff OFI) or (Defendant Joseph Wright)

_____

(Plaintiff OFI) or (Defendant Don Wood

_____

(Plaintiff OFI) or (Defendant Michael Bogart)

Note: Complete the following paragraph only if one or more of the above findings is in favor of Plaintiff OFI.

We the jury assess the damages of Plaintiff OFI as follows:

For actual damages, $ _____ (stating the amount)

For punitive damages against Russell Wright $ _____ (stating the amount, or if none, write "none").

For punitive damages against Joseph Wright $ _____ (stating the amount, or if none, write "none").

For punitive damages against Don Wood $ _____ (stating the amount, or if none, write "none").

For punitive damages against Michael Bogart $ _____ (stating the amount, or if none, write "none").


_____          _____

      Foreperson                                                                      Date


Court's Instruction
MAI 36.12 Form of Verdict – Plaintiff vs. Two Defendants –
Actual and Punitive Damages [1980 Revision]

# VERDICT FORM _E_

## VERDICT AS TO NEGLIGENT MISREPRESENTATION - LICENSED TECHNOLOGY

On the claim of OFI for negligent misrepresentation regarding the Licensed Technology, we the jury find in favor of:

_____

(Plaintiff OFI) or (Defendant Russell Wright)

_____

(Plaintiff OFI) or (Defendant Joseph Wright)

_____

(Plaintiff OFI) or (Defendant Don Wood)

_____

(Plaintiff OFI) or (Defendant Michael Bogart)

Note: Complete the following paragraph only if one or more of the above findings is in favor of Plaintiff OFI.

We the jury assess the damages of Plaintiff OFI as follows:

For actual damages, $ _____ (stating the amount)

For punitive damages against Russell Wright $ _____ (stating the amount, or if none, write "none").

For punitive damages against Joseph Wright $ _____ (stating the amount, or if none, write "none").

For punitive damages against Don Wood $ _____ (stating the amount, or if none, write "none").

For punitive damages against Michael Bogart $ _____ (stating the amount, or if none, write "none").


_____          _____

Foreperson                                                              Date



┌─────────────────────────────────────────────────────────┐
│ Court's Instruction                                       │
│ MAI 36.12 Form of Verdict – Plaintiff vs. Two Defendants –│
│ Actual and Punitive Damages [1980 Revision]               │
└─────────────────────────────────────────────────────────┘

# VERDICT FORM _F_

## VERDICT AS TO NEGLIGENT MISREPRESENTATION - OPERATIONS

On the claim of OFI for negligent misrepresentation regarding operations, we the jury find in favor of:

_____

(Plaintiff OFI) or (Defendant Russell Wright)

_____

(Plaintiff OFI) or (Defendant Joseph Wright)

_____

(Plaintiff OFI) or (Defendant Don Wood

_____

(Plaintiff OFI) or (Defendant Michael Bogart)

Note: Complete the following paragraph only if one or more of the above findings is in favor of Plaintiff OFI.

We the jury assess the damages of Plaintiff OFI as follows:

For actual damages, $ _____ (stating the amount)

For punitive damages against Russell Wright $ _____ (stating the amount, or if none, write "none").

For punitive damages against Joseph Wright $ _____ (stating the amount, or if none, write "none").

For punitive damages against Don Wood $ _____ (stating the amount, or if none, write "none").

For punitive damages against Michael Bogart $ _____ (stating the amount, or if none, write "none").

_____           _____

Foreperson                                                                  Date

Court's Instruction
MAI 36.12 Form of Verdict – Plaintiff vs. Two Defendants –
Actual and Punitive Damages [1980 Revision]

# VERDICT FORM

## VERDICT AS TO CIVIL CONSPIRACY

On the claim of OFI for civil conspiracy, we the jury find in favor of:

_____

(Plaintiff OFI) or (Defendant Russell Wright)

_____

(Plaintiff OFI) or (Defendant Joseph Wright)

_____

(Plaintiff OFI) or (Defendant Don Wood)

_____

(Plaintiff OFI) or (Defendant Michael Bogart)


Note: Complete the following paragraph only if one or more of the above findings is in favor of Plaintiff OFI.


We the jury assess the damages of Plaintiff OFI as follows:

For actual damages, $ _____ (stating the amount)

For punitive damages against Russell Wright $ _____ (stating the amount, or if none, write "none").

For punitive damages against Joseph Wright $ _____ (stating the amount, or if none, write "none").

For punitive damages against Don Wood $ _____ (stating the amount, or if none, write "none").

For punitive damages against Michael Bogart $ _____ (stating the amount, or if none, write "none").

_____                    _____

Foreperson                                                              Date

Court's Instruction
MAI 36.12 Form of Verdict – Plaintiff vs. Two Defendants –
Actual and Punitive Damages [1980 Revision]

# VERDICT FORM *H*

## VERDICT AS TO BREACH OF FIDUCIARY DUTY - RUSSELL WRIGHT

On the claim of OFI for breach of fiduciary duty against Russell Wright, we the jury find in favor of:

_____

(Plaintiff OFI) or (Defendant Russell Wright)


Note: Complete the following paragraph only if your finding is in favor of Plaintiff OFI.

We the jury assess the damages of Plaintiff OFI as follows:

For actual damages $ _____ (stating the amount)

For punitive damages $ _____ (stating the amount, or if none, write "none").


_____          _____

Foreperson                                                            Date


Court's Instruction
MAI 36.11 Form of Verdict – Plaintiff vs. Defendant –
Actual and Punitive Damages [1980 Revision]

# VERDICT FORM $\mathcal{I}$

## VERDICT AS TO BREACH OF FIDUCIARY DUTY - MICHAEL BOGART

On the claim of OFI for breach of fiduciary duty against Michael Bogart we the jury find in favor of:

_____

(Plaintiff OFI) or (Defendant Michael Bogart)

Note: Complete the following paragraph only if your finding is in favor of Plaintiff OFI.

We the jury assess the damages of Plaintiff OFI as follows:

For actual damages $ _____ (stating the amount)

For punitive damages $ _____ (stating the amount, or if none, write "none").

_____          _____

Foreperson                                                        Date

---

Court's Instruction
MAI 36.11 Form of Verdict – Plaintiff vs. Defendant –
Actual and Punitive Damages [1980 Revision]

---

**VERDICT FORM** ___J___

VERDICT AS TO RICO CLAIM

On the claim of OFI for RICO violations, we the jury find in favor of:

_____

(Plaintiff OFI) or (Defendant Russell Wright)

_____

(Plaintiff OFI) or (Defendant Joseph Wright)

_____

(Plaintiff OFI) or (Defendant Don Wood)

_____

(Plaintiff OFI) or (Defendant Michael Bogart)


Note: Complete the following paragraph only if your finding is in favor of Plaintiff OFI.

We the jury assess the damages of Plaintiff OFI at $ _____

(Stating the amount)


_____          _____

Foreperson                                                    Date


┌─────────────────────────────────────┐
│ Court's Instruction                  │
│ MAI 36.05 Form of Verdict – Plaintiff│
│ vs. Two Defendants [1980 Revision]   │
└─────────────────────────────────────┘